UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONCLER S.P.A.,

             Plaintiff,

             v.

JOHN DOES 1-6,

             Defendants.

1:19-cv-08848-PGG

[~~PROPOSED~~]

## PRELIMINARY INJUNCTION

Plaintiff Moncler S.p.A. ("Moncler or the "Plaintiff") commenced this action and moved *ex parte* for an Order Permitting Service by Electronic Mail, and an Order to Show Cause for a Preliminary Injunction ("OTSC"). The Court entered the OTSC on January 16, 2020 [Dkt. 9].

Pursuant to the OTSC, Plaintiff arranged for the Defendants to be served by electronic mail by January 17. 2020. Plaintiff has represented that it has done so. *See* Affidavits of Service [Dkt. Nos. 15 and 16].

Defendants, having apparently been served with the Summons, Complaint, OTSC, and all related papers filed in support by Moncler, have not appeared or opposed the Plaintiff's application for a preliminary injunction.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and the exhibits submitted therewith, finds that:

1.     Plaintiff is the registrant and/or record owner of the following federally registered trademarks (the "Moncler Trademarks"):

| U.S. Registration Number | Trademark | Registration Date | International Classes |
|---|---|---|---|
| 803,943 | MONCLER | February 15, 1966 | 25 |
| 975,069 | [MONCLER logo with mountains and rooster] | December 18, 1973 | 25 |
| 1,405,877 | [mountains with rooster logo] | January 29, 2019 | 9, 42, 45 |
| 3,737,147 | [MONCLER circular badge logo] | January 12, 2010 | 9, 18, 25 |

| | | | |
|---|---|---|---|
| 3,784,896 | MONCLER | May 4, 2010 | 9, 18, 25 |
| 3,924,827 | MONCLER GAMME ROUGE | February 26, 2009 | 25 |
| 3,924,828 | MONCLER GAMME BLEU | March 1, 2011 | 25 |
| 3,964,502 | [MONCLER GRENOBLE logo] | May 24, 2011 | 25 |
| 4,326,394 | [MONCLER circular logo] | April 30, 2013 | 26 |

| | | | |
|---|---|---|---|
| 4,329,824 | (Moncler logo with rooster) | May 7, 2013 | 4 |
| 4,394,491 | MONCLER GAMME BLEU (with crossed skis) | September 3, 2013 | 25 |
| 4,479,319 | MONCLER GRENOBLE (with logo) | February 11, 2014 | 9, 18, 28 |
| 4,611,915 | MONCLER | September 30, 2014 | 9, 35 |

| | | | |
|---|---|---|---|
| 4,615,701 | [MONCLER logo with roosters and spires] | October 7, 2014 | 9 |
| 4,680,355 | MONCLER ENFANT | February 3, 2015 | 25, 28, 35 |
| 4,702,014 | [MONCLER logo with roosters and spires] | March 17, 2015 | 4 |
| 4,710,164 | MONCLER | March 31, 2015 | 4 |
| 4,750,178 | [Design of roosters and spires] | June 9, 2015 | 28 |

| | | | |
|---|---|---|---|
| 4,774,841 | (logo) | July 21, 2015 | 4 |
| 4,876,535 | MONCLER | December 29, 2015 | 43 |
| 4,899,989 | MONCLER | February 16, 2016 | 28 |
| 4,903,431 | (logo with MONCLER banner) | February 23, 2016 | 28 |
| 4,903,438 | (logo with MONCLER banner) | February 23, 2016 | 16 |

| | | | |
|---|---|---|---|
| 4,980,459 | (Moncler logo) | June 21, 2016 | 35 |
| 5,038,584 | (stylized M design) | September 13, 2016 | 18, 25 |
| 5,084,354 | (cartoon duck figure) | November 22, 2016 | 14, 18, 28 |

| Registration | Mark | Date | Class |
|---|---|---|---|
| 5,102,608 | | December 20, 2016 | 12, 20, 32 |
| 5,107,222 | | December 27, 2016 | 14 |
| 5,163,611 | MONCLER LONGUE SAISON «CUIR» | March 21, 2017 | 25 |
| 5,220,625 | | June 13, 2017 | 3 |

| | | | |
|---|---|---|---|
| 5,332,131 | MONCLER | November 14, 2017 | 14, 18, 25 |
| 5,445,480 | DOUDOUNE D'AIR MONCLER | April 17, 2018 | 25 |
| 5,472,359 | MONCLER | May 22, 2018 | 3 |
| 5,477,770 | MONCLER | May 29, 2018 | 16, 22, 26, 34 |
| 5,505,327 | MONCLER | July 3, 2018 | 24 |
| 5,677,402 | M | February 19, 2019 | 9, 18, 25, 35 |

2. Plaintiff is likely to succeed in showing that the Defendants are entities or individuals that are (or were) operating a network of sophisticated websites (the "Infringing Websites") in order to sell products bearing counterfeit reproductions of the Moncler Trademarks ("Counterfeit Products") to consumers in the United States and in this Judicial District.

3. Defendants' continued manufacturing, distribution, offering for sale, and sale of Counterfeit Products has caused and will continue to cause irreparable injury to the Plaintiff if injunctive relief is not granted.

4. Plaintiff has demonstrated that Defendants registered and are (or were) using domain names in connection with Infringing Websites selling and offering for sale Counterfeit Products, including domain names incorporating in whole or in part one or more of the Plaintiff's Moncler Trademarks (the "Domain Names"), in violation of the Anticybersquatting Consumer Protection Act (listed in Exhibit A).

5. Absent a preliminary injunction, Defendants would likely hide, secrete, or deplete any assets, thus frustrating the ultimate relief it seeks in this action.

6. In addition, absent a preliminary injunction, Defendants will likely continue and/or resume using the domain names listed in Exhibit A in connection with the sale of Counterfeit Products via the Infringing Websites.

7. The harm to the Plaintiff resulting from denial of a preliminary injunction would outweigh any harm to the Defendants' legitimate interests from granting such an order.

8. Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's equitable remedies for trademark counterfeiting.

THEREFORE, IT IS HEREBY ORDERED that the Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PRELIMINARILY ENJOINED from infringing the Moncler Trademarks or Plaintiff's rights therein, or using or exploiting the Moncler Trademarks, by:

    a. Using any reproduction, counterfeit, copy, or colorable imitation of the Moncler Trademarks for and in connection with any goods or their packaging not authorized by the Plaintiff;

    b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of the Moncler Trademarks;

    c. Using any false description or representation, including words or other symbols tending falsely to describe or represent the Defendants' unauthorized goods or their packaging as Plaintiff's, or sponsored by or associated with Plaintiff, and from offering such goods into commerce;

    d. Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the Moncler Trademarks;

    e. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are

in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

f. Secreting, destroying, altering, removing, or otherwise disposing of the Counterfeit Products, or any books or records that contain any information relating to the importation, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all Counterfeit Products;

g. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth this Order;

h. Using, linking, transferring selling, or exercising control over the Domain Names, or any other domain name that incorporates, in whole or in part, any of the Moncler Trademarks, or any domain name that is used in connection with any Infringing Website or any website selling, offering to sell, promoting, advertising, or otherwise depicting any Counterfeit Products;

i. Creating, operating, overseeing, or otherwise exercising control over the Infringing Websites, or any website selling, offering to sell, promoting, advertising, or otherwise depicting any Counterfeit Products;

j. Creating, operating, overseeing, or otherwise exercising control over the Infringing Websites, or any website embedding, incorporating, including, or otherwise displaying any of the Moncler Trademarks, or any of Plaintiff's promotional and advertising campaign images; and

k. Processing any payments for or otherwise providing any online services relating to the sale of Counterfeit Products.

IT IS FURTHER ORDERED THAT the Internet Registry for each of the Domain Names listed in Exhibit A place all such Domain Names on Registry Lock so that they cannot be transferred, and Registry Hold so that they no longer resolve when queried by an Internet browser until further Order of this Court; and

IT IS FURTHER ORDERED THAT in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final relief, any third party banks, payment processors, or other financial institutions ("Financial Services Providers"), including but not limited to third-party PayPal, Inc., shall immediately upon receiving actual notice of this Order, locate all accounts connected to the Defendants, and be restrained and enjoined from transferring or disposing of any monies held therein, without prior approval of this Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

1. An accounting of all of Defendant's asset located in the United States and the location and identity thereof; and

2. Documentary proof accepted by Plaintiff (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to the Defendant; and

IT IS FINALLY ORDERED THAT the Plaintiff may complete service of process of this Preliminary Injunction on the Defendants by electronic mail to the email addresses enumerated in

<u>Exhibit B</u>.  Plaintiff has demonstrated that completing service of process on these email addresses will provide adequate notice to the Defendants pursuant to FED. R. CIV. P. 4.

The Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

_____        Jan. 23, 2020
Hon. Paul G. Gardephe
United States District Court Judge
Southern District of New York

# EXHIBIT A

## DEFENDANTS' DOMAIN NAMES

1. monclerjacketsonlineshop.com
2. moncleraoutletit.com
3. moncler-jackenoutlet.net
4. womencoatonline.com
5. monclerjacketsdiscount.top
6. moncler-shops.net
7. moncler-outlet.biz
8. monclerdown.net
9. monclerhomme.top
10. monclerjacketss.com
11. monclerjacket.us.com
12. outletmonclerjacketco.top
13. monclersale.co
14. moncleronlinestore.top
15. nicejackets.co
16. monclersale.club
17. monclearpascher.com
18. cumberlandgenetic.com
19. curvesatbethany.com
20. puitalia.com
21. cwtt.info

22. detectiondemetaux.com
23. dichvuthuexegiare.com
24. moncleroutletshop.top
25. monclersoutletus.com

# EXHIBIT B:

## DEFENDANTS' EMAIL ADDRESSES

1. tiffanyonsale@outlook.com
2. tiffanyoutlet@outlook.com
3. moncleroutletonsales@outlook.com
4. clothoutletshop@outlook.com
5. moncleroutletonsales@outlook.com
6. clothoutletshop@outlook.com
7. moncleroutletonsales@outlook.com
8. clothoutletshop@outlook.com
9. moncleroutletonsales@outlook.com
10. lyfhzfrom2012@gmail.com
11. sell2015aaron@gmail.com
12. custon2014@gmail.com
13. animatraleaquile@gmail.com
14. email@domaine.com
15. onlinemonclersale@gmail.com